# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MARIO A. FLORES, JR., | No. 20-157V |
| Petitioner, | Special Master Christian J. Moran |
| v. | |
| | Filed: September 2, 2020 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Decision dismissing case; failure to prosecute; statute of limitations. |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Christopher L. Phillippe, Law Offices of Phillippe & Associates, Brownsville, TX, for petitioner;
Jennifer L. Reynaud, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Mario Flores filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 through 34 (2012) on February 14, 2020. The petition alleged that Mr. Flores developed SIRVA as a result of the flu vaccine he received on September 21, 2015.

### I. Procedural History

The procedural history of this case can be found in the order to show cause, filed July 20, 2020. In that order, Mr. Flores was instructed to show cause as to

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

why this case should not be dismissed by August 24, 2020.  To date, Mr. Flores has not responded.

## II. Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her case, the Court may dismiss the case.  Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

As explained in the decision issued by the undersigned in Machuca v. Secretary of Health & Human Services, No. 20-18V, 2020 WL 4670877 (Fed. Cl. Spec. Mstr. July 17, 2020), the statute of limitations bars this action.  Mr. Flores received the allegedly causal vaccine in September 2015.  The statute of limitations requires the filing of the petition within 36 months.  42 U.S.C. § 300aa–16(a)(2).  Although the order to show cause permitted petitioner in this case to explain why his case should continue, he has not offered any justification.

**Thus, this case is dismissed for failure to prosecute and because the claim is barred by the statute of limitations.  The Clerk shall enter judgment accordingly.**  See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master